IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dylane Thomas Kelly, | ) | |
| | ) | Civil Action No. 0:12-3325-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Dylane Thomas Kelly ("Kelly"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 23).[2] The Report recommends that the Commissioner's decision be affirmed.

**I. Background**

Kelly filed an application for disability insurance benefits in July 2007, alleging that she became unable to work on June 1, 2006, due to lower mechanical back pain, sciatica, lupus, arthritis, bursitis, carpal tunnel syndrome in both hands, migraine headaches, muscle pain, stress, depression, anxiety, fatigue, short term memory loss, asthma, bronchitis, pluerisy, hip pain,

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

arteria tear, distorted bone in right hip, dyshidrosis-blisters on hands and feet, knee pain and swelling, and tendinitis.[3] Her application was denied initially and on reconsideration by the Social Security Administration. She requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on August 6, 2009.

On September 17, 2009, the ALJ issued a decision, finding that Kelly was not disabled as defined in the SSA. The ALJ found that Kelly suffered from a combination of severe impairments of systemic lupus erythematosus, degenerative joint disease of the left knee, degenerative disc disease, carpal tunnel syndrome, osteoarthritis of the hips, obesity, and depression with memory loss.[4] The ALJ went on to find that Kelly's impairments did not meet or medically equal the criteria for any of the listed impairments through the date last insured of September 30, 2006. Accordingly, the ALJ proceeded to assess Kelly's residual functional capacity ("RFC"), finding that Kelly could perform a significant range of sedentary work. The ALJ concluded that Kelly could not perform her past relevant work, but that she could perform other jobs in existence in the national economy in significant numbers and, therefore, denied her claim.

Kelly sought review by the Appeals Council and she submitted additional evidence. On July 29, 2010, the Appeals Council granted Kelly's request for review, vacated the ALJ's decision, and remanded the matter to the ALJ for a new hearing. On February 1, 2011, the ALJ conducted a second hearing. After the hearing, the ALJ issued a decision on March 31, 2011, finding Kelly not disabled and Kelly sough review by the Appeals Council.

---

[3] Kelly has also reported the she has eczema and obstructive sleep apnea.

[4] The ALJ specifically found that Kelly's eczema, obstructive sleep apnea, migraines, asthma, bronchitis, pleurisy, abdominal condition, folliculitis, and diabetes were not severe impairments. (R. 11).

On September 19, 2012, the Appeals Council declined to review the ALJ's March 31, 2011 decision. Kelly then filed this action for judicial review. The magistrate judge filed her Report on January 22, 2014. (ECF No. 23). On February 5, 2014, Kelly filed objections to the Report (ECF No. 25), and on February 24, 2014, the Commissioner filed a reply to those objections (ECF No. 26). This matter is now ripe for review.

## II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III.  Analysis

In her objections, Kelly contends that the magistrate judge erred by finding the ALJ properly: 1) concluded that Kelly did not meet the Listing 14.02; and 2) did not give significant weight to the opinions of Kelly's treating physicians.

Kelly's objections to the Report are duplicative of the issues that were presented to and addressed in depth by the magistrate judge in her Report.  Having reviewed the record in light of these objections, and under the appropriate standards, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report.  The ALJ's decision is supported by substantial evidence.   Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 3, 2014
Anderson, South Carolina

4